UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CLAYTON REED,

    Plaintiff,

v.

Case No. 2:16-cv-0002
JUDGE MICHAEL H. WATSON
Magistrate Judge Elizabeth P. Deavers

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

**REPORT AND RECOMMENDATION**

This matter is before the Court for consideration of Plaintiff's Motion for Approval of Attorney Fees Under 42 U.S.C. § 406(b). (ECF No. 19.) The Commissioner of Social Security has responded to Plaintiff's Motion. (ECF No. 22.) For the reasons that follow, it is **RECOMMENDED** that Plaintiff's Motion be **GRANTED**. It is further **RECOMMENDED** that the Court **AWARD** Plaintiff attorney's fees in the amount of **$5775.00**.

**I.**

On December 15, 2015, Plaintiff filed this action under 42 U.S.C. § 405(b) for review of a final decision of the Commissioner of Social Security denying Plaintiff's application for a period of disability and disability insurance benefits. (ECF No. 1.) On September 13, 2016, the Court reversed the decision of the Commissioner and remanded the action, pursuant to Sentence 4 of 42 U.S.C. § 405(g), for further administrative proceedings. (ECF Nos. 17 and 18.) Following remand, the Administrative Law Judge issued a fully favorable decision on June 28, 2017, finding Plaintiff disabled as of August 1, 2012. (ECF No. 19-1.) The amount of past due

1

benefits owed plaintiff was calculated at $32,424.00 (ECF No. 19-3.) The Commissioner withheld $8,106 (or 25% of the past due benefits) for attorney's fees. (*Id.*; ECF No. 19 at 3.)

On August 7, 2017, Plaintiff filed a Motion for Approval of Attorney Fees Under 42 U.S.C. § 406(b), seeking a fee award of $5775.00.[1] (ECF No. 19.) The Commissioner has reviewed Plaintiff's Motion for Attorney Fees and supporting exhibits and concluded that the requested fee is consistent with the 25% cap provided by § 406(b) and with the fee agreement signed by Plaintiff and counsel. (ECF No. 22.) The Commissioner therefore does not oppose the Motion for Fees. (*Id.*)

## II.

Counsel moves for fees pursuant to 42 U.S.C. § 406(b), which provides in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A). Pursuant to this statute, the Court may only award fees for work done at the district court level. *Horenstein v. Sec'y of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994) ("[I]n cases where the court remands the case back to the Secretary for further proceedings, the court will set the fee—limited to 25 percent of past-due benefits—for the work performed before it, and the Secretary will award whatever fee the Secretary deems reasonable for the work performed on remand and prior administrative proceedings."); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) ("The statute deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court.").

---

[1] Plaintiff's counsel submitted a fee petition in the amount of $2331.00 at the administrative level. (ECF No. 19 at 2–3.) The current fee request of $5775.00 sought in this Court is separate and in addition to the $2331.00. (*Id.*)

2

In evaluating the reasonableness of requested fees, the Court "begin[s] by using twenty-five percent of the past due benefits as a benchmark." *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) ("While we use that mark as a starting point for the court's analysis, we emphasize that it is not to be viewed as *per se* reasonable."). When a claimant has entered into a contingency fee agreement entitling counsel to twenty-five percent of past-due benefits awarded, the Court presumes, subject to rebuttal, that the contract is reasonable. *Id.* at 746. The Court, however, still stands as an "independent check" on the reasonableness of such arrangements. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

In assessing the reasonableness of a fee, the Court can consider a variety of factors including the hours spent in representation and "the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.* at 808. The Court should reduce fees in situations where counsel "would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Rodriquez*, 865 F.2d at 746. Even in contingency-agreement cases, the Court may calculate hourly rates in considering whether an award results in a windfall. *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 421–22 (6th Cir. 1990). The United States Court of Appeals for the Sixth Circuit, however, has expressed dissatisfaction with the use of an across-the-board, strict hourly rate limitation:

> [A] windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market. We believe that a multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts. Without a multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be compensated adequately.

*Id.* at 422.

**III.**

Here, in light of the information provided, the Court finds that counsel's requested fees are reasonable. Counsel requests $5775.00 for sixteen and a half hours of work, resulting in an hourly rate of $350.00. (ECF No. 19 at 6.) Although this rate may exceed the "multiplier of 2" floor set in *Hayes*, the Court cannot say, given the contingent nature of Social Security Appeals, that such a fee results in an unjust windfall. Furthermore, counsel has produced a contingency fee agreement indicating that Plaintiff agreed to pay her twenty-five percent of any past-due benefits awarded. (ECF No. 19-2.) The attorney fees counsel now requests is much less than this twenty-five percent figure. Finally, the Undersigned notes that the Commissioner does not oppose the request for fees because "the motion is consistent with § 406(b)'s requirements, is in accord with the fee agreement, and is otherwise reasonable." (ECF No. 22 at 1–2.)

**IV.**

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's Motion for Approval of Attorney Fees Under 42 U.S.C. § 406(b) be **GRANTED** and authorize Plaintiff's counsel attorney fees in the amount of **$5775.00**. (ECF No. 19.)

**PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**

Date: September 27, 2017         /s/ *Elizabeth A. Preston Deavers*
                                 ELIZABETH A. PRESTON DEAVERS
                                 UNITED STATES MAGISTRATE JUDGE